*ELECTRONICALLY FILED*

<div align="center">

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 16-cv- 694 -GNS

</div>

FLORENCE WILSON, through her Daughter
and Power of Attorney, LINDA WILSON                                        PLAINTIFF


v.                                   **NOTICE OF REMOVAL**


SPRINGFIELD HEALTH FACILITIES, LP,
d/b/a SPRINGFIELD NURSING AND REHABILITATION CENTER;
SPRINGFIELD HEALTH FACILITIES GP, LLC;
KENTUCKY PARTNERS MANAGEMENT, LLC;
PREFERRED CARE OF DELAWARE, INC.;
PREFERRED CARE PARTNERS MANAGEMENT GROUP, L.P.;
PCPMG, LLC; and
JAMES HOBBS in his capacity as ADMINISTRATOR of
SPRINGFIELD NURSING AND REHABILITATION CENTER;              DEFENDANTS

<div align="center">

* * * * * * * * * * * *

</div>

Defendants, Springfield Health Facilities, L.P. d/b/a Springfield Nursing and Rehabilitation Center; Springfield Health Facilities GP, LLC; Kentucky Partners Management, LLC; Preferred Care of Delaware, Inc.; Preferred Care Partners Management Group, L.P.; PCPMG, LLC and James Hobbs in his capacity as Administrator of Springfield Nursing and Rehabilitation Center, through counsel, and for their Notice of Removal from the Washington Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division, state as follows:

1.    On October 14, 2016, Florence Wilson, through her Daughter and Power of Attorney Linda Wilson ("Plaintiff") filed a Complaint in the Washington Circuit Court styled, *Florence Wilson, through her Daughter and Power of Attorney Linda Wilson v. Springfield*

*Health Facilities, L.P. d/b/a Springfield Nursing and Rehabilitation Center; Springfield Health Facilities GP, LLC; Kentucky Partners Management, LLC; Preferred Care of Delaware, Inc.; Preferred Care Partners Management Group, L.P.; PCPMG, LLC and James Hobbs in his capacity as Administrator of Springfield Nursing and Rehabilitation Center;* Commonwealth of Kentucky, Washington Circuit Court, Case No. 16-CI-00107.

2.     The Complaint alleges Defendants, Springfield Health Facilities, L.P. d/b/a Springfield Nursing and Rehabilitation Center; Springfield Health Facilities GP, LLC; Kentucky Partners Management, LLC; Preferred Care of Delaware, Inc.; Preferred Care Partners Management Group, L.P.; PCPMG, LLC and James Hobbs in his capacity as Administrator of Springfield Nursing and Rehabilitation Center were negligent in their care and treatment of Florence Wilson. Plaintiffs seek to recover compensatory and punitive damages from Defendants.

3.     Defendant James Hobbs, in his capacity as Administrator of Springfield Nursing and Rehabilitation Center received the Summons and the Complaint on October 18, 2016 by certified mail at his place of work at Springfield Nursing and Rehabilitation Center. Under Fed. R. Civ. P. 4(e), Mr. Hobbs was not served at his home, which is in Harrison, Ohio.

4.     Defendant Kentucky Partners Management, LLC was served with the Summons and the Complaint on October 19, 2016.

5.     Defendants Springfield Health Facilities, L.P. d/b/a Springfield Nursing and Rehabilitation Center and Preferred Care of Delaware, Inc. were served with the Summons and the Complaint on October 20, 2016.

6.     Defendants PCPMG, LLC and Preferred Care Partners Management Group, LP were served with the Summons and the Complaint on October 25, 2016.

7.      Defendant Springfield Health Facilities GP, LLC was served with the Summons and the Complaint on October 31, 2016.

8.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 based upon diversity jurisdiction.  Upon information and belief, Plaintiffs are residents and citizens of Bourbon County, Kentucky and Defendants are residents and citizens of Texas and Ohio.

9.      Springfield Health Facilities, LP d/b/a Springfield Nursing and Rehabilitation Center, is a foreign limited partnership organized under the laws of the State of Texas, with its principle place of business at 5420 W. Plano Parkway, Plano, Texas 75093. The limited partner for Springfield Nursing and Rehabilitation Center, an assumed name for Springfield Health Facilities, L.P., a foreign limited partnership, is Thomas Scott, a resident of Texas, and the general partner is Springfield Health Facilities GP, LLC, a Texas limited liability company organized under the laws of the State of Texas, with its principal place of business in the State of Texas.

10.     Springfield Health Facilities GP, LLC is and was at all times mentioned herein a Texas limited liability company with its principal place of business in Texas, and all of its members are residents and citizens of Texas.

11.     Kentucky Partners Management, LLC, is and was at all times mentioned herein a Texas limited liability company with its principal place of business in Texas, and all of its members are residents and citizens of Texas. Therefore, Kentucky Partners Management Group, LLC is a citizen of Texas.

12.     Preferred Care of Delaware, Inc., is a foreign corporation authorized to transact business in the Commonwealth of Kentucky as Preferred Care of Delaware, Inc. Preferred Care, Inc. is and was at all times mentioned herein a Delaware corporation with its principal place of

business located at 5420 W. Plano Parkway, Plano, Texas 75093. Therefore, Preferred Care, Inc. is a citizen of Texas.

13.     Plaintiff, Preferred Care Partners Management Group, LP, is and was at all times mentioned herein a Texas limited partnership, and all of its partners are residents or citizens of Texas. Therefore, Preferred Care Partners Management Group, LP is a citizen of Texas.

14.     PCPMG, LLC is and was at all times mentioned herein a Texas limited liability company with its principal place of business in Texas, and all of its members are residents and citizens of Texas.

15.     James Hobbs is the Administrator at Springfield Nursing and Rehabilitation Center. He is and was at all times mentioned herein a resident of Harrison, Ohio.

16.     Thus, the parties are citizens and residents of different states and the requirement of complete diversity is satisfied. *See* 28 U.S.C. §1332(a).

17.     Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of Washington County, Kentucky is located within the jurisdiction of the United States District Court for the Western District of Kentucky, Louisville Division. Therefore, venue is proper in this Court and division pursuant to 28 U.S.C. §1441(a).

18.     Based upon the allegations raised in the Complaint attached hereto, this matter in controversy exceeds $75,000.00 in damages, exclusive of interest and costs.

19.      Pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over this action because it is facially apparent from Plaintiff's Complaint that Plaintiff is seeking damages in

excess of the jurisdictional amount in controversy. 28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the district courts have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district embracing the place where such action is pending. " Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. §1332(a). When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." *Rotschi v. State Farm*, 114 F.3d 1188, 1188 (6th Cir. 1997). Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. §1332(a).  Plaintiff seeks compensatory damages and punitive damages as well as costs. Thus, it is facially apparent that Plaintiff is seeking damages in excess of the jurisdictional amount.

20.     This Notice of Removal has been filed within thirty (30) days of the date when the action became removable as required by 28 U.S.C. §1446(b). This Notice of Removal is further consistent with 28 U.S.C. §1446(b) in that it has been filed within one year after the commencement date of this action.

21.     Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached to this Notice as Exhibit "A."

22.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Circuit Court of Washington County, Kentucky.

23.     Because 28 U.S.C. §1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §1441.

**WHEREFORE**, Defendants Springfield Health Facilities, L.P. d/b/a Springfield Nursing and Rehabilitation Center; Springfield Health Facilities GP, LLC; Kentucky Partners Management, LLC; Preferred Care of Delaware, Inc.; Preferred Care Partners Management Group, L.P.; PCPMG, LLC and James Hobbs in his capacity as Administrator of Springfield Nursing and Rehabilitation Center, at all times relevant hereto give Notice of the removal of this action from the Circuit Court of Washington County, Kentucky, to the United States District Court for the Western District of Kentucky in the Louisville Division.

<div style="margin-left: 40%;">

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.


*/s/ Matthew C. Cocanougher*
Donald L. Miller, II, Esq.
J. Peter Cassidy, III, Esq.
Matthew C. Cocanougher, Esq.
2452 Sir Barton Way, Ste. 300
Lexington, KY  40509
859-226-0057
859-226-0059 – facsimile
ATTORNEYS FOR DEFENDANTS

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the 7th day of November 2016, upon:

Hans G. Poppe, Esq.
Scarlette R. Burton, Esq.
Kirk A. Laughlin, Esq.
Kathleen Coffey, Esq.
THE POPPE LAW FIRM
Justice Plaza
8700 Westport Road
Louisville, KY 40242

Joanne Mudd Miller
Washington County Circuit Clerk
Washington County Judicial Center
100 E. Main St., Ste. 100
Springfield, KY 40069

/s/ Matthew C. Cocanougher
ATTORNEY FOR DEFENDANT